# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

MICHAEL HOLMES                                                           PLAINTIFF

VS.                                              CIVIL ACTION NO. 4:12CV00056-SA-JMV

BEVERLY SHELLY, ET AL.                                        DEFENDANTS

## REPORT AND RECOMMENDATION

Before the court is *pro se* Plaintiff Michael Holmes' Motion for Summary Judgment [17] filed September 11, 2013. The undersigned has thoroughly considered the motion and recommends that it be denied.

As an initial matter, the court notes that though Plaintiff purports to bring the instant motion pursuant to FED.R.CIV.P. 56, it is more in the nature of a motion for sanctions or contempt for Defendants' alleged failure to obey the court's June 14, 2013 Scheduling Order [15]. Among other things, Holmes claims Defendants failed to timely file an answer to the complaint and produce certain discovery as required by the Scheduling Order. Notwithstanding, a review of the docket suggests that these claims have become moot.

Ultimately, however, there is nothing on the record to indicate Plaintiff properly served Defendants with a copy of the instant motion. Pursuant to FED.R.CIV.P. 5(a)(1)(D) Plaintiff was required to serve a copy of the instant motion on Defendants. Further, Rule 5(d) requires that service of any motion be made along with a certificate of service. Here, no certificate of service accompanies the instant motion. Moreover, the docket indicates that no electronic notice of the motion was served on counsel for Defendants. And, because Defendants have not filed a response, it appears they were not served a copy of the motion. Based on this, it is recommended that

Plaintiff's motion be denied without prejudice to his right to file (and serve) an appropriate motion concerning any live issue that made the basis of the instant motion within fourteen days of an order on this report and recommendation.

The parties are referred to L. U. Civ. R. 72(a)(3) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within fourteen (14) days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 16th day of January, 2014.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE