IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MICHAEL HOLMES                                                                                          PLAINTIFF

v.                                                                                          No. 4:12CV56-SA-JMV

BEVERLY SHELLY                                                                                        DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Michael Holmes, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The defendants have filed a motion for summary judgment. The Holmes has not responded to the motion, and the deadline for response has expired. For the reasons set forth below, the motion by the defendants for summary judgment will be granted and the case dismissed.

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School*

*Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

**Allegations**

Michael D. Holmes would like to marry former Mississippi Department of Corrections ("MDOC") employee Virna Veal, but MDOC will not permit her to visit him because she is not a member of his immediate family. Though Holmes has entered into a romantic relationship with Ms. Veal, he does not know whether Veal will agree to marry him. He submitted a request for permission to get married, but it was denied. Veal has not worked for the Mississippi Department of Corrections

since 2010. Holmes knew Veal before he was incarcerated at a time when she quit her job to care for a sick child. They started talking again during Veal's employment with MDOC. After Veal's departure in 2010, Holmes sent her gifts and money. Veal's request to visit Holmes was initially approved, but Beverly Shelley turned her away as a visitor on May 13, 2012, without explanation, and before she was permitted to leave, she was searched by dogs with the K9 Unit and interviewed by Corrections Investigative Division. Prison policy prohibits fraternization between current and former MDOC employees, including prison visits with an inmate. MDOC has now completely barred Veal from visiting Holmes.

Though Holmes believes that defendant Beverly Shelly stopped the visit for personal reasons, he testified at the *Spears* hearing that he does not know what those reasons might be. He believes that defendants Shelly, Robinson, and Flagg worked together to reduce him for three months from "B" custody status to "C" custody in retaliation for his challenge regarding the visitation. Again, however, Holmes has only his personal belief that his reduction in custody arose out of retaliation, and he concedes that he accrued several Rule Violation Reports prior to his custody downgrade. His suspicions arose solely because his reduction in custody occurred three days after he filed his grievance regarding the denial of Veal's visitation.

**No Evidence of Retaliation**

Prison officials may not retaliate against prisoners for exercising their constitutional rights. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006). On the other hand, courts must view such claims with skepticism to keep from getting bogged down in every act of discipline prison officials impose. *Id*. The elements of a claim under a retaliation theory are the plaintiff's invocation of "a specific constitutional right," the defendant's intent to retaliate against the plaintiff for his or her exercise of that right, a retaliatory adverse act, and causation, *i.e.*, "but for the retaliatory motive the complained

of incident . . . would not have occurred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir.1995) (citations omitted ), *cert. denied*, 516 U.S. 1084, 116 S. Ct. 800, 133 L. Ed. 2d 747 (1996). A prisoner seeking to establish a retaliation claim must also show that the prison official's conduct was sufficiently adverse so that it would be capable of deterring a person of ordinary firmness from exercising his constitutional rights in the future. *Winding v. Grimes*, 4:08CV99-FKB, 2010 WL 706515 at 3 (S.D. Miss. Feb. 22, 2010); *citing Morris v. Powell*, 449 F.3d 682, 684–85 (5th Cir.2006) at 685. A single incident involving a minor sanction is insufficient to prove retaliation. *Davis v. Kelly*, 2:10CV271-KS-MTP (citing *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999), 2:10CV271-KS-MTP, 2012 WL 3544865 *Id.*). Similarly, inconsequential (*de minimis*) acts by prison officials do not give rise to an actionable retaliation claim. *See Morris* at 685.

In this case, Holmes must prove that he engaged in constitutionally protected activity (seeking redress for grievances), faced significant adverse consequences (denial of visitation and temporary reduction in custody status), and that such action was taken "in an effort to chill [his] access to the courts or to punish [him] for having brought suit." *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1296 (5th Cir.), *cert. denied*, 513 U.S. 926, 115 S. Ct. 312, 130 L. Ed. 2d 275 (1994); *see also Serio v. Members of Louisiana State Board of Pardons*, 821 F.2d 1112, 1114 (5th Cir.1987). The showing in such cases must be more than the prisoner's "personal belief that he is the victim of retaliation." *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995). *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). Holmes' claim fails because, as he conceded at the *Spears* hearing, he has only suspicion that the defendants acted out of retaliation. He knows of no reason why any of the defendants might harbor a personal grudge against him or Ms. Veal. As such, Holmes' claim of retaliation must be dismissed.

**Denial of Visitation**

Holmes' allegations regarding denial of Veal's requests to visit him must also be dismissed.

A prison policy or practice will not be found unconstitutional as long as it is reasonably related to a legitimate penological objective of the facility, *Hay v. Waldron*, 834 F.2d 481, 487-87 (5th Cir. 1987). In this case, the rule prohibiting fraternization between current and former staff serves the legitimate penological interest of maintaining the safe and secure operation of the institution. Prison staff develop detailed knowledge regarding prison security procedures, a fact putting them in the best position for smuggling contraband or illicit communications into and out of the facility. For this reason, the restriction on visitation is permitted under the law, and this claim will be dismissed.

**The Right to Marry**

In his prayer for relief, Holmes states, "I am requesting my visitation with Ms. Veal to be reinstated and married *if she wants to marry me*." (emphasis added). Prisoners have the right to marry, though the right can be limited to some degree due to the nature of incarceration. *Turner v. Safley*, 482 U.S. 78, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1987), *Keeney v. Heath*, 57 F.3d 579, 68 Fair Empl. Prac. Cas. (BNA) 80, 10 I.E.R. Cas. (BNA) 1185 (7th Cir. 1995). As Holmes concedes in his complaint, however, he and Veal have not decided whether they wish to marry. As such, the issue is not ripe for judicial review, and the claim will be dismissed without prejudice.

**Conclusion**

In sum, the plaintiff's claims regarding retaliation and denial of visitation will be dismissed with prejudice for failure to state a claim upon which relief could be granted. In addition, the plaintiff's claim regarding denial of the right to marry will be dismissed without prejudice because it is not ripe for review. The motion by the defendants for summary judgment will be granted, and the case will be dismissed.

**SO ORDERED**, this, the 14th day of April, 2014.

                                              /s/ Sharion Aycock
                                              **U.S. DISTRICT JUDGE**